ANDREW LAWRENCE & others *vs.* WILLIAM D. LEWIS.

Suffolk. November 17, 1882. LORD & W. ALLEN, JJ., absent.

In an action against the owner of a hotel for the price of furniture sold and delivered, on the order of a person who had the general management of the hotel, with the defendant's consent and for his benefit, the only evidence was the report of an auditor, who found that the furniture was suitable for the hotel and was used in its equipment; that the defendant knew that the manager had ordered similar articles from the plaintiff, for which he did not deny that he was liable; that the defendant gave no notice to the plaintiff that the manager had no authority; that, two months after the goods sued for were delivered, the defendant had knowledge of the way in which the goods were ordered, and never offered to return them, or notified the plaintiff to take them away; and that all the goods had, since their delivery, been at the hotel, in the possession and under the control of the defendant; and found for the plaintiff. *Held*, that the questions, whether the manager had authority to buy the goods on the credit of the defendant, and whether, if he had not authority, the defendant had ratified his acts, were questions of fact proper to be submitted to the jury upon this evidence; and that all the findings of the auditor were pertinent and material upon both these issues.

CONTRACT, on an account annexed, for goods sold and delivered. Writ dated November 26, 1880. The case was referred to an auditor, whose report was in substance as follows:

The plaintiffs are furniture-dealers in Boston, and the defendant is the owner of a summer hotel in Maine. During the summer of 1880, the defendant carried on the hotel, and employed one Porter as general manager and clerk, and one Tuttle as a second clerk, who was subordinate to Porter, and under his orders. The hotel was open from June 1 to September 1, 1880, and Porter was at the hotel all this time and managed it for the defendant. All the goods, which consisted of furniture, for the price of which the action is brought, were delivered at the hotel during the summer of 1880, were suitable for the house, and used in its equipment, and the prices charged are reasonable.

Some of the goods in question were ordered by the defendant, others by Porter, and others partly by Porter, and partly by Tuttle with the knowledge of Porter. The defendant did not contest his liability for the goods ordered by himself, but contended that he was not liable for the others.

The defendant visited the hotel usually each week, spending two or three days there; and, while there, he had the general

oversight of the business, and gave directions concerning it. Porter had no authority from the defendant to purchase any of the goods in question, except such as may be implied from the facts herein reported. The plaintiffs had no knowledge as to the scope of Porter's agency, except as herein appears. They did know, before the goods were sold, that the hotel was conducted in the name of Porter, and that the defendant was the owner.

Among the goods ordered by Porter were two tables which were used in the dining-room of the hotel. The defendant was informed, when these tables arrived, that Porter had ordered them; and no objection is made to his being charged for them. [The defendant gave no notice to the plaintiffs that Porter had no authority to purchase said tables. All the goods sued for, ever since their delivery, have remained at said hotel, and have all been in the possession and under the control of the defendant.]

Except as above stated, there was no evidence that the defendant knew of said orders by Porter and Tuttle, or of the delivery of the goods, until September 1880. In that month, bills for all of the goods were delivered by Porter to the defendant. The plaintiffs called upon the defendant for payment of their account, and the defendant was then fully informed of all the facts respecting the goods and the purchase thereof. He then told the plaintiffs that Porter had no authority to purchase the goods as his agent. [The defendant never offered to return to the plaintiffs any of said goods, and never notified or requested the plaintiffs to take any of them from said hotel.]

On these facts, the auditor reported that the plaintiffs were entitled to recover the whole amount sued for.

In the Superior Court, the defendant moved to strike out, as immaterial, those parts of the auditor's report which, as printed above, are enclosed in brackets, or to recommit the report to the auditor for that purpose. This motion was overruled.

At the trial, before *Pitman*, J., the only evidence offered was the auditor's report. The defendant objected to the parts enclosed in brackets being read to the jury. The judge permitted them to be read. The defendant then requested the judge to rule that, upon the facts reported in the auditor's report, the

plaintiffs could not recover for the goods ordered by Porter, except the tables, or for those ordered partly by Porter and partly by Tuttle; and that the jury should not consider, in making up their verdict, the parts of the auditor's report enclosed in brackets.

The judge refused to rule as requested; the jury returned a verdict for the plaintiffs for the full amount sued for; and the defendant alleged exceptions.

*C. P. Weston*, for the defendant.

*T. F. Nutter*, for the plaintiffs, was not called upon.

BY THE COURT. The questions, whether Porter and Tutttle had authority to buy the goods sued for, upon the credit of the defendant, and whether, if they had not original authority, the defendant ratified their acts, were questions of fact. The parts of the auditor's report objected to were pertinent and material upon these questions. The court properly submitted the auditor's report and these questions to the jury.

*Exceptions overruled.*