A. J. ARMSTRONG COMPANY INCORPORATED *vs.* JACOB BLOOMBERG.

Suffolk.    October 6, 1933. — December 28, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Agency*, Scope of authority, Ratification by principal. *Corporation,* Officers and agents.

At the trial of an action by a corporation for goods sold, the only issues were whether, the defendant having made a trust agreement for the benefit of his creditors, one who was a director and the credit manager of the plaintiff had authority to execute in its behalf a creditors' agreement and a covenant not to sue the defendant on its claim, and whether the acts of such officer of the plaintiff had been ratified by it. There was evidence that the officer represented the plaintiff at creditors' meetings; that thereafter, without the plaintiff having informed either the defendant or his trustees that the officer had no authority to act for the plaintiff, the officer executed the creditors' agreement and the covenant; that the plaintiff received and retained a check for the agreed percentage of its claim against the defendant; that matters pertaining to disputes, compromises and settlements with the plaintiff's debtors were referred to the officer, who had authority to accept a place on a creditors' committee which was appointed and to represent the plaintiff at creditors' meetings; and that the officer had no authority to make final settlements or compromises with debtors without the approval of the plaintiff's president, and previously had never signed documents relating thereto without authority from the plaintiff. There was a finding for the plaintiff. *Held,* that
   (1) It could not properly have been ruled as a matter of law that the

plaintiff's officer had authority to bind it by executing the creditors' agreement and the covenant not to sue;

(2) If the officer did not have such authority, a finding was not required that the plaintiff ratified his execution of those documents;

(3) The finding for the plaintiff was warranted.

CONTRACT. Writ in the Municipal Court of the City of Boston dated May 10, 1932.

The action was heard in the Municipal Court by *Devlin*, J. Material evidence is stated in the opinion. The judge found for the plaintiff in the sum of $753.87. A report to the Appellate Division was dismissed. The defendant appealed.

*M. A. Cohen*, for the defendant.

*L. K. Nathanson*, for the plaintiff.

CROSBY, J. In this action the plaintiff seeks to recover $753.87 for goods sold and delivered to the defendant. The answer is a general denial and payment, and a further answer, in substance, that the plaintiff through its agent convenanted not to sue, and agreed to accept a *pro rata* share of the assets with the other creditors of the defendant. It was admitted by counsel for the defendant in open court that the goods were sold, that the prices were correct, and that the merchandise was delivered.

There was evidence tending to show that the defendant on January 29, 1932, entered into a trust agreement with Morris Goodman and Samuel P. Kaplan for the benefit of his creditors, a copy of which is annexed to the report; that thereafter a committee representing the creditors of the defendant, of which the plaintiff was one, was appointed; that at all meetings of the creditors the plaintiff was represented by its credit manager, George Cloke, who was a member of the board of directors of the plaintiff and who attended the meetings between the trustees and the creditors and took part in their deliberations; that thereafter a final agreement was entered into which was agreed to and signed by Cloke. The authority of Cloke was in issue, and on that question the deposition of Albert J. Armstrong, president and treasurer of the plaintiff, was introduced in evidence; a copy of the interrogatories propounded to him

and his answers thereto are embodied in the record. There was further evidence to show that Cloke was a director and credit manager of the plaintiff; and that at no time during the meetings until final consummation of the agreement between the defendant's creditors and the trustees did the plaintiff inform either the trustees or the defendant that Cloke had no authority to act for it.

Samuel P. Kaplan, one of the trustees, testified that he sent to the plaintiff on or about February 3, 1932, a covenant not to sue. This covenant was returned to him on February 4, 1932, with a letter, both signed in the name of A. J. Armstrong Company, Incorporated, by George Cloke, its credit manager. The letter and covenant are annexed to the report. Kaplan further testified that on or about May 3, 1932, a check for $301.55 representing a forty per cent first and final dividend was mailed to the plaintiff, and that the check had not been returned.

At the conclusion of the evidence the defendant filed four requests for rulings as follows: "1. Upon all the evidence the court must find for the defendant. 2. That there is sufficient evidence for the court to find as a matter of law that the signature of Cloke bound the plaintiff corporation to the compromise agreement. 3. If the court finds that Cloke was the fully authorized credit manager of the plaintiff at the time he signed the compromise agreement, then the plaintiff is bound by his act in assenting to said agreement. 4. The receipt of, and the holding of the check in payment of the dividend, is evidence of the corporation's ratification of Cloke's act and his assent in behalf of the corporation." The trial judge denied the first request; respecting the others he notes: (2) "Not given, I do not find such authority"; (3) "Not given, what is meant by 'fully authorized' is not clear. If it means he had power to assent, I do not so find"; (4) "Some evidence perhaps but not conclusive under all the circumstances."

Albert J. Armstrong, the plaintiff's president and treasurer, in answer to interrogatories stated in part as follows: George Cloke was a director and credit man of the plaintiff in January and February, 1932. The plaintiff was a creditor

of the defendant in the sum of $753.87 during January and February, 1932. Cloke attended a meeting of creditors of the defendant on January 14, 1932, and was present there to represent the plaintiff and make the best arrangements he could for submission to A. J. Armstrong. Cloke, as credit manager, had authority to accept a place on the creditors' committee. The plaintiff received a letter with documents attached; it rejected the proposition therein contained and referred the matter to Cloke. The correspondence relating to disputes, compromises or settlements with debtors who owed the plaintiff for merchandise would be referred to Cloke; the persons who had authority to act thereon were A. J. Armstrong and Thomas Armstrong. It was not the custom of the credit manager to act for the plaintiff in any matter involving the settlement or compromise of claims against debtors of the plaintiff; Cloke had no right or duty to act for the company in the settlement or compromise of claims against debtors of the company; he was instructed to attend creditors' meetings, but not to adjust anything without submitting it to A. J. Armstrong. Cloke would discuss with the deponent his ideas or intentions with reference to the manner in which he would handle accounts of delinquent debtors, and the deponent would make recommendations to Cloke and discuss with him the position of the company toward delinquent debtors; after Cloke got the best settlement he was able to obtain the deponent discussed the matter with him and recommended whether or not he was to accept a settlement for the company. Cloke never had signed for or in behalf of the company releases, covenants not to sue, or any other form of document relating to settlements offered by debtors without authority from the company.

The question presented is, in substance, whether the trial judge as matter of law was required to find for the defendant. It could not have been ruled as matter of law that the plaintiff's credit manager as such had authority to bind the plaintiff. We are of opinion that upon the evidence the judge could have found for the defendant, but he was not compelled so to find. Whether the credit manager had authority to bind the plaintiff and whether, if he did not

have that authority, the plaintiff ratified his act by retaining the check were questions of fact. *Lawrence* v. *Lewis*, 133 Mass. 561. *Hosher-Platt Co.* v. *Miller*, 238 Mass. 518, 524. In answer to interrogatories the plaintiff's president states that Cloke represented the company at the meetings of the creditors to make the best arrangements he could and was to submit them to A. J. Armstrong but that Cloke had no authority to sign any documents for the plaintiff. From this evidence and the other evidence contained in the answers to interrogatories it could have been found that Cloke was without authority to bind the plaintiff. There was no error of law on the part of the trial judge or in the action of the Appellate Division in dismissing the report.

The entry will be

*Order dismissing report affirmed.*